UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LONNIE CLEMONT ENCALADE | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3283 |
| 25TH JUDICIAL DISTRICT COURT, ET AL. | * | SECTION "M" (2) |

**ORDER**

Plaintiff Lonnie Clemont Encalade filed two Motions for Appointment of Counsel (ECF Nos. 4, 12) for representation in this *pro se* and *in forma pauperis* civil action asserting claims under 42 U.S.C. § 1983 regarding alleged due process violations by several public officials, entities, and family members. ECF No. 1.

There is no automatic right to appointment of counsel in a civil case, so the court may not appoint counsel as a matter of course or ordinary practice.[1] Rather, counsel should be appointed only upon a showing of "exceptional circumstances" based on a consideration of the type and complexity of the case, the litigant's ability to investigate and present the case adequately, and the level of skill required to present the evidence.[2] In addition, the court should consider whether appointment would be a service to the court and all parties in the case by "sharpening the issues . . . ., shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."[3] Thus, a federal district court should only appoint counsel for an indigent plaintiff in a civil rights case if the case presents exceptional circumstances.[4]

---

[1] *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citing *Castro Romero v. Becke*n, 256 F.3d 349, 353–54 (5th Cir. 2001)); *see also Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001).
[2] *Norton v. DiMazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Romero*, 486 F.3d at 354; *see also Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).
[3] *Ulmer*, 691 F.2d at 213.
[4] *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer*, 691 F.2d at 212); *Norton*, 122 F.3d at 293.

Moreover, § 1915A and § 1915(e) require the court to review the *in forma pauperis* complaint and determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. In accordance with this obligation, the undersigned issued an Order directing Encalade to show cause why his complaint should not be summarily dismissed as frivolous and/or for lack of subject matter jurisdiction on or before Tuesday, October 31, 2023. ECF No. 9. Only after expiration of this deadline and the required screening process will the court be in a position to assess whether "exceptional circumstances" exist to necessitate appointment of counsel in this proceeding. Therefore, at this time, Plaintiff's request for appointment of counsel is premature.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motions for Appointment of Counsel (ECF Nos. 4, 12) are **DENIED** at this time, without prejudice to his right to re-urge his request after completion of the Court's statutorily mandated screening review.

New Orleans, Louisiana, this 12th day of September, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

2