UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LONNIE CLEMONT ENCALADE | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3283 |
| 25TH JUDICIAL DISTRICT COURT, ET AL. | * | SECTION "M" (2) |

# ORDER

Before the court are four discovery motions (ECF Nos. 11, 18, 19, 25) filed by Plaintiff Lonnie Clemont Encalade in this *pro se* and *in forma pauperis* civil action asserting claims under 42 U.S.C. § 1983.  In the motions, Plaintiff seeks orders compelling production of state court records, insurance "archives," and life insurance policies (ECF Nos. 11, 19) as well as any documents and checks associated with oil and gas leases on his parents' estate over the last thirty years that are in defendants' possession (ECF No. 25) and repeats the claims raised in his Complaint (ECF No. 18).

Discovery in civil cases is governed by the Federal Rules of Civil Procedure, specifically Rules 26 through 37 and 45.  Pursuant to Rule 26(d), a party may generally not seek discovery from any source until after the parties have conferred as required by Rule 26(f).  FED. R. CIV. P. 26(d)(1).  Further, before seeking court assistance with discovery, Plaintiff must present the discovery directly to the appropriate party or entity, in accordance with Rules 34 and/or 45 of the Federal Rules of Civil Procedure.[1]  In addition, under FED. R. CIV. P. 37(a)(1), Encalade also must establish or certify that he conferred or attempted to confer with defendants, any non-party, or their counsel before seeking the Court's assistance with discovery, which he has not done.  The fact that

---

[1] *Maloney v. St. Farm Fire & Cas., Co.*, No. 06-9183, 2008 WL 1850774, at * 2 (E.D. La. Feb. 20, 2015) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)) (*pro se* litigants are not exempt from complying with the procedural and substantive rules of law).

1

Plaintiff is proceeding *pro se* and *in forma pauperis* does not relieve him of the obligation to comply with the governing rules addressing the proper means of obtaining discovery.[2]

Further, the court is conducting its statutory frivolousness review of the complaint, in accordance with 28 U.S.C. § 1915A and § 1915(e). "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[3] In addition, no party has been served with summons. Thus, until completion of the Court's frivolousness review, discovery is premature. Accordingly,

**IT IS ORDERED** that Plaintiff's Motions for Discovery (ECF Nos. 11, 19), Motion for Production of Documents (ECF No. 18), and Motion for Oil and Gas Lease Documents (ECF No. 25) are **DENIED** at this time, without prejudice to his right to seek discovery after completion of the frivolousness review and compliance with Rule 26(d) of the Federal Rules of Civil Procedure.

New Orleans, Louisiana, this 28th day of September, 2023.

**DONNA PHILLIPS CURRAULT**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *See, e.g., Badman v. Stark*, 139 F.R.D. 601, 604-05 (M.D. Pa. 1991). The *Badman* case is informative where the court noted: "The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*. That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena *duces tecum* finds support among said Rules." *Badman*, 139 F.R.D. at 605. Plaintiff here has made no provision for the costs of obtaining this discovery should the items be sought from a non-party. *Id.*

[3] *Schultea v. Wood*, 47 F. 3d 1427, 1434 (5th Cir. 1995); *see also* FED. R. CIV. P. 26(d).