UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LONNIE CLEMONT ENCALADE | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3283 |
| 25TH JUDICIAL DISTRICT COURT, ET AL. | * | SECTION "M" (2) |

## ORDER AND REASONS

Before the court is Plaintiff Lonnie Clemont Encalade's Motion to Call U.S. Attorney (ECF No. 21), in which Plaintiff requests that the U.S. Attorney's Office "open a criminal investigation and indictments for all the wrongdoers involved" in a "criminal enterprise to collect life insurance policy money and to gain oil and gas land in the succession" of his parents. *Id*. at 1. Plaintiff asserts that an investigation is warranted because Defendants have committed a "RICO violation against the state of Louisiana." *Id*.

The Executive Branch has absolute discretion to decide whether to investigate or prosecute a case and such decisions are not subject to judicial review.[1] As Chief Justice Roberts has noted, "[o]ur entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against another."[2] "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[3] Moreover, a plaintiff may not compel a criminal investigation by federal law enforcement agencies by filing a civil complaint.[4] Finally, Plaintiff does not identify the person whom he seeks to compel to call to the U.S. Attorney's office. To the extent he is asking the Court to do so, that request is improper.

---

[1] *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021).
[2] *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278, 130 S.Ct. 2184, 176 L.Ed.2d 1024 (2010) (Roberts, C.J., dissenting from dismissal of the writ of certiorari as improvidently granted).
[3] *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973).
[4] *White v. Markey*, No. 20-3316, 2020 WL 7481041, at *2 (D.D.C. Dec. 11, 2020) (citing *Otero v. U.S. Attorney General*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Call U.S. Attorney (ECF No. 21) is DENIED.

New Orleans, Louisiana, this __28th__ day of September, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE