UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LONNIE CLEMONT ENCALADE | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3283 |
| SYLVIA BIGGS, ET AL. | * | SECTION "M" (2) |

## ORDER AND REASONS

Before the court is *pro se* and *in forma pauperis* Plaintiff Lonnie Clemont Encalade's Second Motion for an Attorney (ECF No. 37) seeking reconsideration of the undersigned's Order denying without prejudice his prior motions for appointment of counsel.   *See* ECF No. 20. Plaintiff argues that the court's denial of other motions evinces his need for counsel and that he is being denied "equal protection under the law." ECF No. 37 at 1-2.

## I.   APPLICABLE LAW AND ANALYSIS

The Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration.[1]   Whether analyzed under Rule 54(b), Rule 59(e) or Rule 60(b), motions to reconsider "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[2]  They are not the proper vehicle for rehashing evidence, legal theories, or arguments.[3] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[4]

Plaintiff has not established that reconsideration is proper.   Initially, he has not demonstrated, nor even argued, the presence of any factor warranting reconsideration of a court's

---

[1] *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004).
[2] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).
[3] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).
[4] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002).

order.  He does not assert that reconsideration is necessary to correct a manifest error of law or fact, newly discovered or previously unavailable evidence, manifest injustice; or any intervening change in controlling law.

Moreover, Plaintiff misconstrues my September 12, 2023 Order by suggesting that this Court refused to appoint him counsel and that decision denies him his constitutional right to an attorney.  As stated in my September 12, 2023, there is no Sixth Amendment right to counsel in a civil case,[5] so the court may not appoint counsel as a matter of course or ordinary practice.[6]  Rather, counsel should be appointed only upon a showing of "exceptional circumstances" based on a consideration of the type and complexity of the case, the litigant's ability to investigate and present the case adequately, and the level of skill required to present the evidence.

Further, the court denied Plaintiff's motions for counsel *without prejudice* because his *in forma pauperis* complaint is still being screened pursuant to 28 U.S.C. § 1915 to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant.  Only after completion of the required screening process will the court be in a position to assess whether "exceptional circumstances" exist to necessitate appointment of counsel in this proceeding.  Therefore, the court denied Plaintiff's motions for appointment of counsel as premature, specifically noting that Plaintiff may "re-urge his request after completion of the Court's statutorily mandated screening review."[7]  That review is still underway.

---

[5] *Hadd v, LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001) ("Furthermore, as this was a civil case, [plaintiff] did not enjoy a right to counsel, regardless of her legal sophistication.") (citing *Castro Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001)); *Lyle v. Beard*, 137 F.3d 1352 (5th Cir. 1998) (citing *Sanchez v. United States Postal Service*, 785 F.2d 1236, 1237 (5th Cir. 1986)).
[6] *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citing *Castro Romero*, 256 F.3d at 353–54); *see also Hadd*, 272 F.3d at 301.
[7] ECF No. 20 at 2.

II.     **CONCLUSION**

Plaintiff has failed to justify the extraordinary remedy of reconsideration of my September 12, 2023 Order.  For the same reasons set forth therein, Plaintiff's motion for appointment of counsel is still premature.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for an Attorney (ECF No. 37) is **DENIED WITHOUT PREJUDICE** to his right to re-urge his request **after** completion of the Court's statutorily mandated screening review.

New Orleans, Louisiana, this ___12th___ day of October, 2023.


DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE