UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LONNIE CLEMONT ENCALADE | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3283 |
| SYLVIA BIGGS, ET AL. | * | SECTION "M" (2) |

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Lonnie Clemont Encalade filed a Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on August 18, 2023.  ECF Nos. 5, 6.[1]  On August 11, 2023, he filed a "Motion for Injunction," which motion is pending before me pursuant to Judge Ashe's September 27, 2023 Order of Reference.  ECF Nos. 5, 27.

Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily mandated review.  ECF No. 9.  This August 28, 2023 Order required Plaintiff to file a written response setting forth the specific facts upon which he relies to establish a basis for subject matter jurisdiction over his claims, on or before Tuesday, October 31, 2023, in accordance with 28 U.S.C. § 1915(e)(2).  Plaintiff has filed three Responses to the Order to Show Cause:  ECF Nos. 10, 22, 23.

**I.    PLAINTIFF'S CLAIMS AND MOTION FOR INJUNCTIVE RELIEF**

Plaintiff's Complaint originally identified several individuals and a public entity as defendants:

(1) 25th Judicial District Court;
(2) Sylvia Biggs;
(3) Wanda Biggs;
(4) Joy Jones;
(5) "Lawyer on File at Court" in Succession of Lionel Clemon Encalade (1992); and
(6) "Judge on File at Court [in] Succession of Lionel Clemon Encalade (1992)."

---

[1] Plaintiff initially filed a deficient complaint and motion for leave to proceed *in forma pauperis* on August 8, 2023. *See* ECF Nos. 1-3.

1

ECF No. 6 at 1-3; No. 7 at 1-2.  Plaintiff alleges that he was denied due process when, in 1992, Defendants Sylvia Biggs, Wanda Biggs and Joy Jones fraudulently represented themselves to be siblings of his parents, hired an attorney, and opened succession in the 25th Judicial District Court to obtain ownership of Plaintiff's parents' property.  ECF No. 1 at 5.  He seeks an order returning his parents' property to him plus all life insurance proceeds as well as "punitive damages from the 25th JDC," asserting that the judge "was the kingpin/mastermind."  *Id*. at 4-5.

In his September 26, 2023 Motion to Correct Case Caption, Plaintiff indicated that he does not seek to pursue claims against the 25th Judicial District Court and only named the courthouse because that was "where the Defendants did their crime."  ECF No. 26.  Accordingly, the Court issued an order dismissing Plaintiff's claims against the 25th J.D.C., leaving for review his claims against Sylvia Biggs, Wanda Biggs, Joy Jones, an unnamed attorney, and an unnamed judge.  ECF No. 35.

In his first Response to Show Cause Order, Plaintiff repeats his claims regarding the alleged misappropriation of his parents' "oil rich land" in Phoenix, Louisiana by Defendants Jones, Wanda Biggs, and Sylvia Biggs.  ECF No. 10.  He also asserts that the unnamed lawyer defendant is "on record at the 25th JDC," but that "court refuse[d] to send info" about the attorney's identity or that of the unnamed judge, so he cannot identify either defendant for the record.  *Id*. at 5, 8.  Plaintiff further argues that his claims are not frivolous because "the individuals claiming to be siblings of his parents" opened the estate "under a misrepresentation."  *Id*. at 9.  Plaintiff asserts that this Court has jurisdiction over his case under § 1332 because he is a Texas resident, Defendant Joy Jones lives in Texas, and other Defendants live in Louisiana.  *Id*. at 13.  Plaintiff further claims that Defendants committed a RICO violation.  *Id.* at 14.

In his "Second Supplemental Response to Order to Show Cause," Plaintiff references the Due Process clause of 14th Amendment, recites portions of the U.S. Constitution's preamble, reiterates that he is not suing the 25th J.D.C. and only named the courthouse as the "scene of the crime," and appears to raise a claim under the Takings Clause based on the property which he alleges was improperly taken from his parents' estate by Defendants Sylvia Biggs, Wanda Biggs, and Joy Jones.  ECF No. 22.  Plaintiff again references a judge and a lawyer involved with his parents' succession proceedings but still fails to identify either defendant by name.  *Id*. at 6-7.

In his "Third Supplemental Response to Order to Show Cause," Plaintiff asserts that the court has subject matter jurisdiction over his claims because "Defendants lied under oath on affidavits and other legal documents creating a criminal enterprise . . . ."  ECF No. 23.  Plaintiff reiterates that he raises claims under the Due Process and Equal Protection and cites portions of the U.S. Constitution.  *Id*. at 2.

In his "Motion for Injunction," Plaintiff requests an injunction "on the person(s) who open[ed his] parents' estate in Plaquemines Parish" and repeats his request for the U.S. Attorney's Office to file criminal charges against Defendants.  ECF No. 5 at 1.

## II.    APPLICABLE LAW AND ANALYSIS

### A. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]  Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to

---

[2] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

3

state a claim upon which relief may be granted.[3]  Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[4]  This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[5]

Pursuant to § 1915(e), a court also may dismiss an *in forma pauperis* complaint as malicious when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."[6]  A duplicative case is malicious "if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'"[7]  The involvement of different defendants in the prior case does not affect the maliciousness of a successive action.[8]  Likewise, the assertion of a new claim in a successive complaint that arises from the same allegations of a prior complaint is also considered malicious.[9]  District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted."[10]

B. **Pleading Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "'sufficient facts from which the court can determine the existence of subject matter jurisdiction and from

---

[3] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[4] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[5] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).
[6] *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (citations omitted).
[7] *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *see also Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) (quoting *Bailey*, 846 F. 2d at 1021).
[8] *See id*.
[9] *See Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (citing *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)).
[10] *Bailey*, 846 F. 2d at 1021.

which the defendants can fairly appreciate the claim made against them.'"[11]  While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation."[12]  Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[13]

### C. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[14]  The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction.[15]  If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[16]

One basis for subject matter jurisdiction is diversity under 28 USC § 1332.  Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[17]  Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[18]

---

[11] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R. & R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555–57).
[13] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").
[14] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).
[15] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).
[16] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).
[17] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[18] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).

Another basis for jurisdiction typically invoked in civil cases is federal question jurisdiction. 28 U.S.C. § 1331. Federal question jurisdiction is assessed under the well-pleaded complaint rule which requires that a federal question appear on the face of the well-pleaded complaint.[19]

### D. Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[20]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[21]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law;
(2) that occurred under color of state law; and
(3) was caused by a state actor.[22]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[23] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[24] "The traditional definition of acting under color of state law

---

[19] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).
[20] 42 U.S.C. § 1983.
[21] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[22] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).
[23] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).
[24] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

6

requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[25]

### E. Standards for Preliminary Injunction

A preliminary injunction under FED. R. CIV. P. 65(a) "is an extraordinary remedy that is issued only when a party does not have an adequate remedy at law."[26] The granting of an injunction is the exception, not the rule.[27] To be eligible for a preliminary injunction, the movant must demonstrate the following:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury;

(3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and

(4) granting the injunctive relief will not disserve the public interest.[28]

Courts should issue a preliminary injunction only when the movant "clearly carried the burden of persuasion on all four requirements."[29] Further, FED. R. CIV. P. 65(c) provides that the issuance of a preliminary injunction shall take place only "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." However, Fifth Circuit precedent makes clear that in determining the proper amount of security, a court "may elect to require no security at all."[30]

---

[25] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).
[26] *Dennis Melancon, Inc. v. City of New Orleans*, 889 F. Supp. 2d 808, 815 (E.D. La. 2012).
[27] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).
[28] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *United Motorcoach Ass'n, Inc. v. City of Austin*, 851 F.3d 489, 492-93 (5th Cir. 2017); *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017).
[29] *Planned Parenthood of Houston & Se. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005) (quoting *Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003)) (internal quotation marks omitted).
[30] *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 303 (5th Cir. 1978) (per curiam); *see also Humana, Inc. v. Avram A. Jacobson, MD, PA*, 804 F.2d 1390, 1394 & n.23 (5th Cir. 1986) ("[t]he amount of security required

### III. <u>ANALYSIS</u>

Encalade purports to invoke both diversity and federal question jurisdiction,[31] alleging that his Constitutional rights were violated when, in 1992, Defendants "illegally" and "improperly" took property belonging to his parents, to which property he was allegedly entitled as his parent's sole heir. He further alleges that Defendants Biggs and Jones received "oil and gas checks" from leases on the disputed property from 1992 until January 2023. He cites the Fifth,[32] Fourth,[33] and Fourteenth Amendments[34] to support his claims. He also alleges criminal misconduct and purports to assert a claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act.[35]

#### A. <u>This Case is Malicious Under § 1915(e) and Subject to Res Judicata</u>

Initially, this case is malicious within the meaning of § 1915(e) due to the substantially similar proceeding filed by Plaintiff in 2009 against Sylvia Thomas, Joy Bray, and Wanda Biggs, asserting state law fraud and conversion causes of action and federal civil RICO and civil rights claims against these defendants. *See Encalade v. Thomas*, No. 09-2999, 2009 WL 1704461 (E.D. La. June 12, 2009). In that case, Plaintiff alleged that defendants were "claiming to be siblings of his parents" and fraudulently opened a succession in the Louisiana state court in Plaquemines Parish concerning his parents' property in Phoenix, Louisiana.[36] He makes the same assertion in this case against Wanda Biggs, Sylvia Biggs, and Joy Jones, although he now includes additional allegations of conspiracy, criminal enterprise.[37] As such, the claim is malicious under § 1915(e) and subject to dismissal on that basis.

---

is a matter for the discretion of the trial court"); *EOG Res. Inc. v. Beach*, 54 F. App'x 592 (5th Cir. 2002) ("In this circuit, however, courts have the discretion to issue injunctions without security.").
[31] ECF No. 6-1 at ¶ II at 4.
[32] *Id*. ¶ II (A) at 4.
[33] *Id*. at 16; ECF No. 22 at 1.
[34] ECF No. 20 at 7.
[35] *Id*.
[36] *Encalade v. Thomas*, 2009 WL 1704461 at *4.
[37] *See* ECF Nos. 22 at 1; 1 at 5.

Likewise, the claim is subject to dismissal based on res judicata, which "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[38] Although res judicata is generally an affirmative defense that must be pleaded, not raised *sua sponte*, the Fifth Circuit has recognized an exception to this rule when *sua sponte* dismissal is "in the interest of judicial economy where both actions were brought before the same court."[39] The four elements[40] of res judicata are satisfied here.[41]

### B. **No Diversity Jurisdiction**

For the same reasons that diversity was absent in 2009, diversity jurisdiction invoked to support Plaintiff's state law claims is likewise absent in this case.

The burden of establishing federal jurisdiction rests with the party who invokes it.[42] Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time of filing.[43] Here, Plaintiff indicates that he lives in Texas, Defendant Joy Jones lives in Texas, and the other Defendants live in Louisiana. ECF No. 10 at 13. For complete diversity of citizenship to exist, however, no party on one side of a case may be a citizen of the same State as any party on the other side.[44]

---

[38] *Petro-Hunt, L.L.C. v. U.S.,* 365 F.3d 385, 395 (5th Cir. 2004) (citations omitted).
[39] *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001) (citing *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980); *accord United Home Rentals, Inc. v. Tex. Real Estate Comm'n*, 716 F.2d 324, 330 (5th Cir. 1983)).
[40] The four elements are: (1) The parties are identical or in privity; (2) The judgment in the prior action was rendered by a court of competent jurisdiction; (3) The prior action was concluded by a final judgment on the merits; and (4) The same claim or cause of action was involved in both actions. *In re Southmark Corp.,* 163 F.3d 925, 934 (5th Cir. 1999).
[41] *See* ECF Nos. 26 (R.&R.); 31 (Order adopting R.&R.); 32 (Final Judgment); and 42 (5th Circuit Dismissal of Appeal) in Civil Action No. 09-02999.
[42] *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).
[43] *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004); *Ellison Steel, Inc. v. Greystar Constr. LP*, 199 Fed. Appx. 324, 2006 WL 2381924, at *3 (5th Cir. 2006).
[44] *Mas*, 489 F.2d at 1399 (citation omitted).

Given that Plaintiff asserts that both he and Defendant Jones are Texas citizens,[45] complete diversity is absent.[46]

### C. Federal Question Jurisdiction

Plaintiff's complaint appears to reflect claims arising under federal law, thus triggering federal question jurisdiction. 28 U.S.C. § 1331. When a federal claim appears on the face of the complaint, "[d]ismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision."[47] If a claim is "patently without merit," it may be dismissed for want of jurisdiction.[48]

### 1. Plaintiff's RICO Claims

Plaintiff alleges that Defendants engaged in a criminal enterprise, filed "illegal documents" in a 25th J.D.C. successions proceeding, and committed a RICO violation when they "illegally open[ed]" his estate in Phoenix, Louisiana.[49] He appears to assert not only a civil RICO claim, but also an effort to prosecute criminal charges.

Criminal charges cannot be brought by private individuals. As the court explained in its Order denying Encalade's Motion to Call U.S. Attorney (*see* ECF Nos. 21, 34), "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[50] As Chief Justice Roberts has noted, "[o]ur entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against

---

[45] *See also* ECF No. 9-1 (March 1, 2022 Final Judgment of Texas State Court ordering that Plaintiff be civilly committed by the Texas Civil Commitment Office to a contracted Texas residential facility).
[46] *Tinlin v. DeShazo,* 244 F.3d 135, 2000 WL 1901528 (5th Cir. 2000).
[47] *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (citing *Bell v. Health–Mor*, 549 F.2d 342, 344 (5th Cir. 1977)).
[48] *Id.* (citing *Suthoff v. Yazoo County Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. 1981)).
[49] ECF Nos. 1 ¶ III, at 5; 10 at 4, 6.
[50] *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973).

another."[51]  Nor can a plaintiff compel a criminal investigation by federal law enforcement agencies by filing a civil complaint.[52] The Executive Branch has absolute discretion to decide whether to investigate or prosecute a case and such decisions are not subject to judicial review.[53] Accordingly, Plaintiff's criminal claims should be dismissed as frivolous and/or for failure to state a claim for which relief can be granted.

Likewise, Encalade's civil RICO claims against the Biggs and Jones Defendants are patently frivolous and subject to immediate dismissal under § 1915(e).  Although federal law recognizes civil RICO claims,[54] Encalade has not alleged that he has suffered injury to business or property that was proximately caused by defendant's predicate criminal acts.[55]  Further, he fails to allege (1) an enterprise[56] existed that affected interstate commerce; (2) defendant was associated with the enterprise; (3) defendant participated in the conduct of the enterprise's affairs; and (4) the participation was through a pattern of racketeering activity,[57] as required to state a claim.[58]

While Encalade's complaint includes conclusory references to "misrepresentation" and "conspiracy" relative to succession proceedings, he fails to set forth sufficient allegations to state violations of any of the particularized federal fraud, theft, or property crimes,[59] constituting

---

[51] *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278, 130 S.Ct. 2184, 176 L.Ed.2d 1024 (2010) (Roberts, C.J., dissenting from dismissal of the writ of certiorari as improvidently granted).
[52] *White v. Markey*, No. 20-3316, 2020 WL 7481041, at *2 (D.D.C. Dec. 11, 2020) (citing *Otero v. U.S. Attorney General*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).
[53] *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021).
[54] 18 U.S.C. § 1964(c).
[55] *Holmes v. Secs. Inv. Prot. Corp.*, 503 U.S. 258, 267–69 (1992); *Petty v. Merck & Co.*, 285 F. App'x 182, 2008 WL 2884520, at *1 (5th Cir. 2008), *cert. denied*, 555 U.S. 1143 (2009) (citing *Price v. Pinnacle Brands*, 138 F.3d 602, 606 (5th Cir. 1998)); *Cullom v. Hibernia Nat'l Bank*, 859 F.2d 1211, 1214–15 (5th Cir. 1988).
[56] The term "enterprise" is defined broadly to include any "group of individuals associated in fact."  18 U.S.C. § 1961(4).
[57] A "pattern of racketeering activity" is "at least two acts" indictable under an enumeration of state and federal criminal laws contained in 18 U.S.C. § 1961(1). *R.A.G.S. Couture, Inc. v. Hyatt*, 774 F.2d 1350 (5th Cir. 1985) (citing 18 U.S.C. § 1961(5)).
[58] *United States v. Phillips*, 664 F.2d 971, 1011 (5th Cir. Unit B 1981), *overruled in other respects based on a rule amendment*, *United States v. Huntress*, 956 F.2d 1309 (5th Cir. 1992)).
[59] *See, e.g.*, 18 U.S.C. §§ 659, 1341, 1344, 1351, 1957.

"racketeering activity" as defined in the RICO statute.  Further, he does not allege any specific facts, dates, names, communications or events to support his conclusory allegations of criminal activity by defendants, nor does he explain how these acts constitute "racketeering" activity or are related to a continued threat of criminal activity.  Encalade's broad use of the term "RICO" is simply insufficient to state a claim, subjecting his complaint to dismiss under 28 U.S.C. § 1915.

### 2. Plaintiff Fails to State Plausible Constitutional Claims

Encalade cites various Constitutional amendments to support his claims against Sylvia Biggs, Wanda Biggs, and Joy Jones (individuals who allegedly misrepresented themselves as Encalade's parents' family members), an unidentified attorney, and an unidentified judge (e.g., alleging violations of the Fourth,[60] Fifth,[61] and Fourteenth Amendments[62] rights by acquiring his parents' property under a "misrepresentation").

Although Plaintiff asserts that he "did not file a (1983) claim" and "is not filing suit against public entities,"[63] he seeks compensation for an allegedly illegal taking of his property arising out of a state court successions proceeding by a group of conspirators consisting of a state court judge, an attorney, and three private individuals, which taking allegedly constituted a violation of his constitutional rights.  There is no cause of action directly under the Constitution;[64] instead, a plaintiff seeking relief in federal court on constitutional grounds must do so pursuant to a federal

---

[60] ECF No. 10 at 16; ECF No. 22 at 1.
[61] ECF No. 1  ¶ II (A) at 4.
[62] ECF No. 10 at 16
[63] ECF Nos. 10 at 5, 22 at 2.
[64] *See Hernandez v. Mesa*, 589 U.S. ---, 140 S.Ct. 735, 742 (2020) ("[A] federal court's authority to recognize a damages remedy must rest at bottom on a statute enacted by Congress"); *Azul–Pacifico, Inc. v. City of Los Angeles,* 973 F.2d 704, 705 (9th Cir. 1992) (holding that a takings plaintiff has "no cause of action directly under the United States Constitution"), *cert. denied*, 506 U.S. 1081, 113 (1993); *Southpark Square Ltd. v. City of Jackson*, 565 F.2dd 338, 341 (5th Cir. 1977) ("In federal question cases under [§] 11331, where the complaint is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit.  The two exceptions are where the federal question clearly appears to be immaterial and made solely for purposes of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.") (citing *Bell v. Hood*, 327 U.S. 678, 681-82 (1946)) (internal quotations omitted).

civil rights statute, such as § 1983. Thus, although Plaintiff contends he has not brought a § 1983 claim, that is the only statutory basis upon which to seek relief under the Constitutional amendments he cites.

Construing his *pro se* complaint and show cause responses broadly,[65] plaintiff appears to allege violations of 42 U.S.C. § 1983.

### a. Plaintiff's § 1983 Claims regarding the 1992 Proceeding are Time-Barred

Plaintiff alleges that the "unconstitutional" actions occurred during a 1992 successions proceeding in the 25th J.D.C.

Section 1983 does not itself prescribe a statute of limitations, so a suit brought under that statute is subject to "the general statute of limitations governing personal injuries in the forum state."[66] Plaintiff alleges that the illegal taking of his parents' Phoenix, Louisiana property occurred in Louisiana's 25th Judicial District Court. ECF No. 6-1 at 5. Louisiana has a one year statute of limitations or more accurately, a one-year prescriptive period for personal injury claims.[67] As the successions proceeding allegedly occurred in 1992, nearly twenty years ago, Plaintiff's constitutional claims regarding that proceeding under § 1983 are now time-barred. *Id*.

District courts may *sua sponte* dismiss claims as frivolous under § 1915(e) where it is clear from the face of the complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations.[68] Accordingly, Plaintiff's § 1983 claim regarding the 1992 successions proceeding should be dismissed with prejudice.

---

[65] *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992) (holding *pro se* complaints must be broadly construed).
[66] *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001)); *see also Hearn v. McCraw*, 856 F. App'x 493, 495-96 (5th Cir. 2021) ("Because § 1983 does not provide a statute of limitations, courts borrow from state law. . . [a]nd typically, courts look to a state's statute of limitations for personal injury torts.") (Citing *Wallace v. Koto*, 549 U.S. 384, 387 (2007)).
[67] LA. CIV. CODE art. 3492.
[68] *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)) (referencing § 1915(d), which was superseded by 28 U.S.C. § 1915(e)(2)(B) as a part of the Prison Litigation Reform Act of 1996).

b. <u>Claims against Private Individuals (Biggs, Biggs, Jones, and Unnamed Attorney)</u>

"As a matter of substantive constitutional law, the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments [.]'"[69] As a result, a private individual, such as a lay person or an attorney, cannot be held liable under § 1983 unless he conspires with a state actor to commit an illegal act that violates a plaintiff's constitutional rights. Thus, to bring plausible constitutional claims against private individuals under § 1983, a plaintiff must allege "that (1) there was an agreement between the private and public defendants to commit an illegal act; and (2) a deprivation of a constitutional right."[70] "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with a judge."[71] Even if a judge reaches a decision based on misinformation that the counsel provides, the issuance of the decision does not imply that counsel acted under the color of state law.[72]

Plaintiff has alleged only in the barest terms that Defendants Biggs, Biggs, and Jones acted in concert with their attorney "under a misrepresentation," "filed illegal documents," and gained possession of the property at issue with the assistance of the state court judge, who "was the kingpin/mastermind."[73] Plaintiff has not alleged any specific facts in support of his conspiracy claims.[74] Although courts must "treat *pro se* pleadings more liberally, some facts must be alleged that convince [the court] that the plaintiff has a colorable claim; conclusory allegations will not

---

[69] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156, (1978)).
[70] *McCoy v. Hous. Auth. of New Orleans*, No. 15-398, 2015 WL 9204434, at *9 (E.D. La. Dec. 17, 2015) (citing *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004)).
[71] *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).
[72] *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 353 (5th Cir. 2003).
[73] ECF No. 6-1 at 5.
[74] *See Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991) (finding federal civil rights plaintiff's conclusory allegations that two attorneys and banker conspired to rig jury and deprive him of a fair trial as part of a conspiracy with state actors to convict plaintiff of armed robbery were insufficient to show conspiracy where operative facts were not pled).

14

suffice."[75] Plaintiff has failed to allege any operative facts in support of his vague conspiracy claims against the private individual defendants. As such, his § 1983 claims against Sylvia Biggs, Wanda Biggs, Joy Jones, and the unnamed attorney should be dismissed for failure to state a claim.

      c.   Claims Against the Unidentified Judge

Plaintiff also alleges that an unidentified 25th J.D.C. judge served as the "kingpin/mastermind" in the conspiracy between all Defendants to illegally take Plaintiff's parents' property, to which Plaintiff claims only he was entitled as their sole heir.[76] Specifically, Plaintiff alleges that, after the Biggs Defendants and Defendant Jones hired a lawyer to represent them in succession proceedings, a 25th J.D.C. judge "illegally open[ed]" his estate in Phoenix, Louisiana.[77] Encalade asserts that the judge was not acting under color of state law because he was violating the law.[78] Whether Encalade's claims against the judge are brought in his individual or official capacity, such claims are patently frivolous.

Initially, a suit against a judge in his official capacity is not a suit against the individual and thus is not considered a "person" subject to suit under § 1983.[79] Further, as a state court judge sued in his official capacity, any judgment would be satisfied out of the state treasury rendering the State liable for any alleged wrongs.[80] As such, any claim against the judge in his official capacity is considered a claim against the State, which is barred by the Eleventh Amendment.[81]

---

[75] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988).
[76] ECF No. 1 ¶ III, at 5.
[77] ECF No. 10 at 6.
[78] ECF No. 22 at 3.
[79] *Will v. Mich. Dept. of St. Police*, 491 U.S. 58, 71 (1989) (suit against a state official in official capacity is not a suit against the individual person but a suit against the official's office); *Boyd v. Lasher*, No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010) (ordering adopting Report and Recommendation) (a judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of § 1983); *McCloud v. Craig*, No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009) (same).
[80] LA. STAT. ANN. § 13:5108.1; *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986).
[81] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n. 3 (5th Cir.1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself."); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524 at *3 (E.D. La. Jun. 21, 2007) (suit against Louisiana

Thus, any claim against the judge in his official capacity is frivolous, seeks relief against an immune defendant, and otherwise fails to state a claim for which relief can be granted, requiring dismissal under 28 U.S.C. § 1915(e).

To the extent Encalade purports to sue the judge in his individual capacity, such claims are barred by absolute immunity because he alleges no actions by the judge that were nonjudicial in nature.[82] Although Encalade conclusorily asserts that the judge was the "kingpin/mastermind" of a criminal enterprise between himself, the attorney, and the private defendants, the only relevant factual assertion is that the judge "illegally open[ed]" his estate in Phoenix, Louisiana.[83] Thus, Encalade's claims against the judge involve his actions as a judicial officer presiding over a successions proceeding. Immunity applies to a judge acting in his authority as a presiding officer, regardless of whether the judge's actions were erroneous, malicious, or in excess of his authority.[84] "A judge's immunity is overcome only for actions not taken in the judge's judicial capacity or for action taken in complete absence of all jurisdiction."[85] Given that Encalade's assertions amount to nothing more than arguing that the judge's actions in the successions proceeding were improper, he has failed to state a plausible claim for relief against the judge in his individual capacity.

---

state judge in an official capacity is suit against the State); *Voisin's Oyster House, Inc.*, 799 F.2d at 188; *Doris v. Van Davis*, No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009) (judgment against a Louisiana state judge in official capacity would be satisfied out of the state treasury rendering a claim against the judge a claim against the state). The Eleventh Amendment prohibits suit against a state in federal court without the state's consent. *Edelman v. Jordan*, 415 U.S. 659 (1974). Louisiana has not waived its sovereign immunity or consented to the exercise of federal judicial power in civil actions against it. LA. STAT. ANN. § 13:5106(A); LA. CONST. art. I, § 26; *Harris v. La. Office of Juvenile Justice*, No. 18-13356, 2019 WL 2617175, at *4 (E.D. La. June 26, 2019) (citing *Holliday v. Bd. of Sup'rs of LSU Agr. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014)).

[82] *Du Bois v. Warne*, 336 F. App'x 407, 409 (5th Cir. 2009) (citing *Boyd v. Biggers*, 31 F.3d 279, 284–85 (5th Cir.1994)).
[83] ECF Nos. 1 ¶ III, at 5; 10 at 4, 6.
[84] *Du Bois*, 336 F. App'x at 409 (citing *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996).
[85] *Id*. (citing *Boyd*, 31 F.3d at 284).

### D.   Encalade's Succession Dispute is Squarely a State Court Issue

Though Encalade describes his property dispute as a constitutional issue, his claims appear to distill down to an attempt to appeal a state court judgment in a successions proceeding. In fact, Encalade seems to know that this issue must be resolved with the state because he indicated in his first Response to Show Cause Order that the disputed property was "place[d] in contested" after he sent a complaint to the D.A.'s office in January 2023, after which time Defendants no longer received "oil and gas checks."[86] Thus, Plaintiff seems to recognize that his succession dispute is one that should be resolved by the state court rather than through federal litigation.

Further, any attempt to overturn the state court's handling of Encalade's parents' estate is a matter over which this Court has no jurisdiction.[87] Accordingly, to the extent Encalade's claims constitute an appeal of the state court's handling of his parents' estate, that claim should be dismissed. To the extent any state law claim would survive, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367(c)(3) after dismissing all claims over which it has original jurisdiction.

### E.   The Motion for Injunctive Relief Should be Denied

A movant seeking preliminary injunctive relief must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest.[88] Thus, among the critical

---

[86] ECF No. 10 at 4, 7, 9.
[87] *Marshall v. Marshall*, 547 U.S. 293, 298–99, (2006) (state probate courts have sole exclusive jurisdiction over the probate or annulment of a will and the administration of a decedent's estate); *Harris v. Zion's Bank Co.*, 317 U.S. 447, 450 (1943) (the settlement, inheritance, and distribution of estates are peculiarly state law matters, and federal courts lack probate jurisdiction to hear them, even when there is complete diversity between the parties).
[88] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *United Motorcoach Ass'n, Inc. v. City of Austin*, 851 F.3d 489, 492-93 (5th Cir. 2017); *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017).

elements necessary to grant a preliminary injunction is proof of the substantial likelihood of success on the merits.[89]

As outlined above, Encalade has failed to allege a non-frivolous claim to proceed past screening in this action. Thus, he has not "clearly carried the burden of persuasion" necessary to warrant relief.[90] In light of my recommendation that the claims be dismissed as frivolous and otherwise for failure to state a claim, there is no substantial likelihood of success, and the motion should be denied.[91]

## IV.     CONCLUSION

Plaintiff has not established diversity jurisdiction, and his federal question claims appear patently frivolous and are thus insufficient to support federal question jurisdiction. Even if jurisdiction were present, the claims should be dismissed as malicious under § 1915(e) and for failure to state a claim for the reasons set forth above. For that reason, Plaintiff's request for injunctive relief should likewise be denied.

## V.     RECOMMENDATION

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's claims under 42 U.S.C. § 1983 against Sylvia Biggs, Wanda Biggs, Joy Jones, and an unidentified attorney be **DISMISSED WITH PREJUDICE** as malicious, frivolous, time-barred, and otherwise for failure to state a claim for which relief can be granted pursuant 28 U.S.C. §§ 1915(e).

**IT IS FURTHER RECOMMENDED** that Plaintiff's § 1983 claims against the unidentified judge be **DISMISSED WITH PREJUDICE** as frivolous, time-barred, and for

---

[89] *eBay Inc.*, 547 U.S. at 391.
[90] *Planned Parenthood of Houston & Se. Tex.*, 403 F.3d at 329.
[91] *Brown v. Orleans Par. Sheriff's Off.*, No. 19-12432, 2019 WL 5633884, at *1 (E.D. La. Oct. 31, 2019) (plaintiff's claims were frivolous, so preliminary injunction was denied for lack of legal basis).

seeking relief against an immune defendant and otherwise for failure to state a claim for which relief can be granted pursuant 28 U.S.C. §§ 1915.

**IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367(c)(3) after dismissing all claims over which it has original jurisdiction.

**IT IS FURTHER RECOMMENDED** that Plaintiff's **Motion for Injunction (ECF No. 5)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[92]

New Orleans, Louisiana, this  12th  day of October, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[92] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).