UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LONNIE CLEMONT ENCALADE | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3283 |
| SYLVIA BIGGS, ET AL. | * | SECTION "M" (2) |

### ORDER AND REASONS

Before the court is Plaintiff Lonnie Clemont Encalade's "Motion to Remove Magistrate Judge Donna Phillips Currault" (ECF No. 42). This matter has been referred to the undersigned for all purposes. *See* Order dated September 27, 2023 (ECF No. 27); Local Rule 73.3; FED. R. CIV. P. 72; 28 U.S.C. § 636.

Construing this filing as a recusal motion and having considered the record, the submission and arguments, and the applicable law, Plaintiff's motion is DENIED for the reasons stated herein.

### I.   BACKGROUND

Plaintiff filed this § 1983 civil rights and state law tort suit claiming that he was denied due process when, in 1992, Defendants Sylvia Biggs, Wanda Biggs and Joy Jones fraudulently represented themselves to be siblings of his parents, hired an attorney, and opened succession in the 25th Judicial District Court to obtain ownership of Plaintiff's parents' property. ECF No. 1 at 5. He seeks an order returning his parents' property to him plus all life insurance proceeds as well as "punitive damages from the 25th JDC," asserting that the judge "was the kingpin/mastermind." *Id*. at 4-5. Contemporaneously with the filing of his complaint, Plaintiff moved to proceed *in forma pauperis*. ECF No. 8. The court granted his motion, directed the clerk to withhold summons until completion of the statutorily mandated review under 28 U.S.C. § 1915(e)(2)(B), and ordered Plaintiff to show cause why his complaint should not be summarily dismissed. ECF No. 9.

1

In response to the Show Cause Order, Plaintiff filed three responses (ECF Nos. 10, 22, 23) and several motions seeking, *inter alia*, a televised trial, an airlift to the courthouse, appointment of counsel, document production by the court, and the filing of criminal charges against all Defendants. *See* ECF Nos. 11-21; 25-26; 36-37. On September 27, 2023 the district court referred this case to the undersigned "for all purposes." ECF No. 27. This Court issued orders denying the various motions and explained the bases for each decision. ECF Nos. 20, 28-35; 38-39.

After performing the statutorily mandated review, on October 13, 2023, the undersigned recommended that:

(1) Plaintiff's § 1983 claims against Sylvia Biggs, Wanda Biggs, Joy Jones, and the unidentified attorney be dismissed as malicious, frivolous, time-barred, and otherwise for failure to state a claim for which relief can be granted pursuant 28 U.S.C. §§ 1915(e);

(2) Plaintiff's § 1983 claims against the unidentified judge be dismissed as frivolous, time-barred, and for seeking relief against an immune defendant and otherwise for failure to state a claim for which relief can be granted pursuant 28 U.S.C. §§ 1915;

(3) the court decline to exercise supplemental jurisdiction over any remaining state law claims in accordance with 28 U.S.C. § 1367(c)(3) given the recommended dismissal of all federal claims; and

(4) Plaintiff's Motion for Injunction be denied. *See* ECF No. 40 at 18-19.

Plaintiff filed a "Motion to Remove Magistrate Judge Donna Phillips Currault," which was tendered for filing on October 13, 2023 and docketed on October 16, 2023. ECF No. 42. In his "Motion to Remove" the undersigned, Plaintiff requests that the undersigned be "removed" from his case, alleging personal bias based on familiarity with the unidentified judge named as a defendant in this matter. *Id*. at 2. Plaintiff further asserts that the undersigned does not have sufficient experience to separate personal bias from the facts of his case or sufficient education in oil and gas, wills, and estate law to render decisions in this matter. He also takes issue with the failure to grant his request that a "Senior Judge" be assigned to this case. *Id*.

## II. LAW AND ANALYSIS

The Supreme Court has established an objective standard for recusal when "the likelihood of bias on the part of the judge 'is too high to be constitutionally tolerable.'"[1] "A motion to recuse must be strictly construed for form, timeliness, and sufficiency in order to guard against the danger of frivolous attacks on the orderly process of justice."[2] Motions to recuse judges from district court proceedings can be brought under two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455.[3]

### A. Recusal Under § 144

Under § 144, a party must file a timely and sufficient affidavit regarding the alleged personal bias or prejudice either against him or in favor of any adverse party, which must "state the facts and the reasons for the belief that bias or prejudice exists," and must attach "a certificate of counsel of record stating that [the motion] is made in good faith."[4]

The filing of a § 144 motion does not automatically trigger the appointment of another judge.[5] Rather, the "judge must pass on the legal sufficiency of the affidavit"[6]—that is, whether "it alleges facts that, if true, would convince a reasonable person that bias exists"—"but not on the truth of the matters alleged."[7] The preferred procedure is for the judge to whom the motion is directed to determine the sufficiency of the affidavit, rather than transferring the motion to another

---

[1] *Sanders v. Christwood, L.L.C.*, No. 17-9733, 2020 WL 7417995, at *3 (E.D. La. Dec. 18, 2020) (citing *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1903 (2016) (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009))).
[2] *Id.* (citing *Danielson v. Winnfield Funeral Home of Jefferson, Inc.*, 634 F. Supp. 1110, 1113 (E.D. La. 1986)).
[3] *Price v. Irons*, No. 19-11451, 2020 WL 3051897, at *2 (E.D. La. June 8, 2020) (citing 13D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3541 (3d ed. Apr. 2020 update)), *aff'd*, 832 F. App'x 904 (5th Cir. 2021).
[4] *Price*, 2020 WL 3051897, at *2 (quotations and citations omitted).
[5] *Jackson v. Andrews*, No. 00-2534, 2000 WL 1843514, at *2 (E.D. La. Dec. 14, 2000) (citing *Berger v. United States*, 255 U.S. 22, 32 (1921)).
[6] "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003) (citation omitted).
[7] *Price*, 2020 WL 3051897, at *2 (citing *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982)).

judge for that preliminary determination.⁸  Thus, this Court will "pass on the sufficiency of the affidavit."⁹

The recusal decision is "extremely fact intensive and fact bound,"¹⁰ and it is committed to the sound discretion of the court.¹¹  In this case, Plaintiff has not provided any affidavit at all, much less a legally sufficient one that would convince a reasonable person that bias exists and that such bias is personal, as opposed to judicial, in nature.  On that basis alone, under § 144, recusal is improper.  Moreover, numerous courts have held that a *pro se* litigant cannot seek disqualification under § 144 because he is unable to meet the plain language of the statute by providing the required certificate of counsel of record.¹²

### B. Recusal under § 455

Under § 455, a judge or magistrate judge must disqualify herself in any proceeding in which her impartiality might reasonably be questioned, or where she has a personal bias or prejudice concerning a party.  28 U.S.C. § 455(a) & (b)(1).  Movant must "(1) demonstrate that the alleged comment, action, or circumstance was of "extrajudicial" origin, (2) place the offending event into the context of the entire trial, and (3) do so by an 'objective' observer's standard.'"¹³  The relevant

---

⁸ *Price*, 2020 WL 3051897, at *3 (citation omitted); *Chitimacha*, 690 F.2d at 1162 (5th Cir. 1982) ("The challenged judge is most familiar with the alleged bias or conflict of interest. He is in the best position to protect the nonmoving parties from dilatory tactics.").
⁹ *Price*, 2020 WL 3051897, at *3 (citing *Patterson*, 335 F.3d at 483).
¹⁰ *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995).
¹¹ *In re Chevron U.S.A., Inc.*, 121 F.3d 163,165 (5th Cir. 1997); *see also Chitimacha*, 690 F.2d at 1166.
¹² *See, e.g., Price*, 2020 WL 3051897, at *3; *see also McCoy v. SC Tiger Manor, LLC*, No. 19-723, 2021 WL 647376 (M.D. La. Jan. 28, 2021) (citing *Williams v. Magnolia Café*, No. 18-1020, 2019 WL 7343507, at *2 (M.D. La. Dec. 30, 2019) (finding "recusal under § 144 is not applicable" because "a pro se litigant cannot meet the plain language of the statute requiring 'a certificate of counsel of record stating that it [the affidavit in support of recusal] is made in good faith' "); *Gibson v. Gusman*, No. 14-2273, 2014 WL 6469507, at *3 (E.D. La. Nov. 17, 2014) (concluding that "a pro se litigant may not use 28 U.S.C. § 144 as a means to seek recusal"); *Larsen v. "Eleged" Fish & Wildlife Serv. or Outlaws*, No. 04-1919, 2004 WL 1698670, at *1 (E.D. La. July 28, 2004) ("§ 144 is inapplicable in the case of a pro se litigant").
¹³ *Sanders v. Christwood, L.L.C.*, No. 17-9733, 2020 WL 7417995, at *4 (E.D. La. Dec. 18, 2020) (citing *Casby v. St. Charles Par. Sheriff's Off.*, No. 14-1706, 2014 WL 6684947, at *2 (E.D. La. Nov. 25, 2014) (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003))).

inquiry is "'whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.'"[14]

To warrant recusal, the alleged bias "must be personal and 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case.'"[15] Information gained through the role as judge in the case cannot be the basis for disqualification.[16] Views that are not extrajudicial—that is, those "formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings"— "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[17] Likewise, generalized attacks on a judge's perceived education and experience are insufficient to justify disqualification.[18]

Plaintiff neither articulates any material facts nor provides any evidence that would even suggest that this Court has formed some bias or prejudice as a result of extrajudicial sources that results in an opinion on the merits on any basis other than that learned from participation in the case. Rather, Plaintiff summarily asserts that bias and prejudice exist because he contends that the

---

[14] *Tejero v. Portfolio Recovery Assocs., L.L.C.*, No. 18-50661, 2020 WL 1671558, at *8 (5th Cir. Apr. 6, 2020) (quoting *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)); *see also Chitimacha*, 690 F.2d at 1165; *Travelers Ins. Co. v. Liljeberg Enters., Inc*., 38 F.3d 1404, 1408 (5th Cir.1994); *In re Hipp, Inc*., 5 F.3d 109, 116 (5th Cir. 1993). For close decisions, "the balance tips in favor of recusal." *In re Chevron U.S.A., Inc*., 121 F.3d 163, 165 (5th Cir. 1997) (quotation omitted).
[15] *In re Hipp*, 5 F.3d at 116 n. 24 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *accord United States v. Barnes*, 909 F.2d 1059, 1072 (7th Cir. 1990).
[16] *Barnes*, 909 F.2d at 1072; *United States v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988); *Tejero*, 2020 WL 1671558, at *7 (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994))).
[17] *Tejero*, 2020 WL 1671558, at *7 (quoting *Liteky*, 510 U.S. at 555).
[18] *See Kinnear-Weed Corp. v. Humble Oil & Refining Co*., 441 F.2d 631, 634 (5th Cir. 1971) (a movant seeking disqualification bears the burden of proving that a judge is unqualified b clear and convincing evidence); *see also Tabi v. Baker*, No. 20-323, 2021 WL 11108676, at *1 (C.D. Ca. May 24, 2021) (finding meritless *pro se* plaintiff's assertion that magistrate judge was "unqualified as a matter of law" and should be recused where plaintiff cited no precedent in support of his extreme proposition); *Raiser v. Treinen*, No. 15-310, 2017 WL 11645736, at *1-*2 (C.D. Ca. July 19, 2017) (denying *pro se* plaintiff's motion to recuse and finding plaintiff failed to meet his burden to show that judges were unqualified or biased by asserting only conclusory statements in support of his claim).

undersigned knows the unidentified judge who presided over the state court successions proceeding over thirty years ago. Plaintiff presumably asserts same because he disagrees with this Court's prior rulings. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[19] Such actions generally do not support recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[20] Indeed, the Fifth Circuit has repeatedly explained that adverse rulings against the defendant in the same or a prior judicial proceeding do not render the judge biased.[21] Thus, this Court's rulings, while adverse, do not reflect a high degree of antagonism as to make fair judgment impossible and do not support a claim of bias.[22]

### III. CONCLUSION

Plaintiff has failed to demonstrate that recusal is proper under either § 144 or § 455. Neither Plaintiff's preference for a district judge to rule on his motions, his potential disagreement with this Court's decisions nor his factually unsupported contention that the undersigned knows the unidentified judge who ruled on the succession proceeding in 1992 is a proper basis for recusal. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remove (ECF No. 42) is DENIED.

New Orleans, Louisiana, this 18th day of October, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[19] *Liteky*, 510 U.S. at 555.
[20] *Id.*
[21] *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992) (citing cases); *United States v. Reeves*, 782 F.2d 1323, 1325 (5th Cir. 1986)); *In re Hipp*, 5 F.3d at 116.
[22] *United States v. Alexander*, 726 F. App'x 262, 263 (5th Cir. 2018) (citing *Liteky*, 510 U.S. 540 at 555).